OPINION OF THE COURT
Con. G. Cholakis, J.
This an article 78 proceeding brought to review a decision of the State Tax Commission which sustained a notice of determination and demand for payment of sales and use taxes. In issue is the question of whether the sales made by the petitioner are excluded from taxation by reason of section 1105 (subd [c], par [1]) of the Tax Law. There is no factual dispute and upon this proceeding the petitioner has expressly adopted the factual findings as contained in the respondents’ decision.
The petitioner’s business activity is described as follows (decision, findings of fact, par 3): “3. Petitioner’s business activity consisted of the reproduction of its customers’ records onto microfilm or microfiche. Data was received from its customers on magnetic tapes. After a series of programming processes, that data was sorted and rearranged on either microfilm or microfiche. Other information was added such as indexing codes and headings for *621 identification. Petitioner furnished the microfilm and microfiche on which the customers’ data was recorded.”
Section 1105 (subd [c], par [1]) of the Tax Law imposes taxes on “[t]he furnishing of information by printed, mimeographed or multigraphed matter or by duplicating written or printed matter in any other manner, including the services of collecting, compiling or analyzing information of any kind or nature and furnishing reports thereof to other persons”. Accordingly, under this section, information services which provide newsletters, credit reports, tax or stock market advisory and analysis reports, and the like, which are distributed generally would be taxable (see 20 NYCRR 527.3).
The statute (Tax Law, § 1105, subd [c], par [1]), however, continues to provide: “but excluding the furnishing of information which is personal or individual in nature and which is not or may not be substantially incorporated in reports furnished to other persons”.
Upon the proceeding it is not disputed that the information contained on the microfilm and microfiche is personal and individual in nature and may not be incorporated in reports furnished persons other than the petitioner’s individual customers. It is, however, the respondents’ position that the exclusionary language of the statute cannot apply because the petitioner is merely sorting, rearranging and indexing information already possessed by the customer and is not, therefore, furnishing information as required by the statute.
While the court is hesitant to substitute its judgment for that of the agency administering the statute (Matter of Howard v Wyman, 28 NY2d 434), it cannot in this instance adopt the respondents’ interpretation. It is, in fact, concluded that the service provided by the petitioner is precisely what the exclusion contained in the statute was intended to cover. The petitioner takes raw data from its customer and then in a process which is tailored to each customer, that data is sorted, programmed, indexed and rearranged so that it becomes machine-readable and, therefore, different in form. If the interpretation of the respondents is to be adopted it becomes clear that the *622 exclusionary language of the statute is then without purpose or meaning, a result which cannot be allowed (McKinney’s Cons Laws of NY, Book 1, Statutes, § 98). If the information furnished did not come from the customer of the petitioner but came from an outside source, it would be specifically taxable under the initial language of section 1105 (subd [c], par [1]) of the Tax Law. It is, it appears, precisely the “personal” and “individual” information dealt with by the petitioner that is envisioned by the statute and excluded from taxation.
The petitioner also maintains that the respondents are estopped from the assessment of the subject tax in view of the fact that the petitioner’s sales were determined to be not taxable upon a prior sales tax audit. The conclusion reached above causes treatment of this issue to be unnecessary.
The petitioner, accordingly, may submit judgment.